HOFMANN & SCHWEITZER
212 West 35th Street, 12th Floor
New York, NY 10001
(212) 465-8840
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

BRYCE BABSON, TREVOR BRANDT, JAMES BUTLER,
JESTER CASTRO, ROLAND HICKS,
CHRISTOPHER KRUSE, ROBERT LALENA,
CHARLES LEWIS, MICHAEL T. SMALDONE,
CHRISTOPHER RESSLER, and GARRETT STRYZS,
On Behalf of Themselves and All Others Similarity Situated,

|  |  |
|---|---|
| Plaintiffs, | Civil Action No. _____ |
| -against- | COMPLAINT |

BOUCHARD TRANSPORTATION CO., INC.,
B. NO. 205 CORP., B. NO. 210 CORP.,
B. NO. 215 CORP., B. NO. 220 CORP.,
B. NO. 225 CORP., B. NO. 230 CORP.,
B. NO. 231 CORP., B. NO. 233 CORP.,
B. NO. 235 CORP., B. NO. 240 CORP.,
B. NO. 242 CORP., B. NO. 245 CORP.,
B. NO. 250 CORP., B. NO. 252 CORP.,
B. NO. 260 CORP., B. NO. 262 CORP.,
B. NO. 264 CORP., B. NO. 265 CORP.,
B. NO. 270 CORP., B. NO. 272 CORP.,
B. NO. 280 CORP., B. NO. 282 CORP.,
B. NO. 284 CORP., B. NO. 285 CORP.,
and B. NO. 295 CORP.

TUG EVENING MIST, In Rem, TUG EVENING TIDE,
In Rem, TUG BOUCHARD BOYS, In Rem, TUG
EVENING LIGHT, In Rem, TUG ELLEN S. BOUCHARD,
In Rem, TUG EVENING STAR, In Rem, TUG DENISE A.
BOUCHARD, In Rem, TUG RHEA I. BOUCHARD, In
Rem, TUG CAPT. FRED BOUCHARD, In Rem, TUG
MORTON S. BOUCHARD, In Rem, TUG BUSTER
BOUCHARD, In Rem, TUG MARION C. BOUCHARD,
In Rem, TUG BARBARA E. BOUCHARD, In Rem, TUG
ROBERT J. BOUCHARD, In Rem, TUG J. GEORGE

BETZ, In Rem, TUG BRENDAN J. BOUCHARD, In
Rem, TUG JANE A. BOUCHARD, In Rem, TUG
MORTON S. BOUCHARD, In Rem, TUG LINDA LEE
BOUCHARD, In Rem, TUG DANIELLE M.
BOUCHARD, In Rem, TUG KIM M. BOUCHARD, In
Rem, TUG FREDERICK E. BOUCHARD, In Rem, TUG
RALPH E. BOUCHARD, In Rem, TUG BOUCHARD
GIRLS, In Rem, TUG DONNA J. BOUCHARD, In Rem,
and TUG EVENING BREEZE, In Rem,

THE B. NO. 205, In Rem, THE B. NO. 210, In Rem, THE
B. NO. 215, In Rem, THE B. NO. 220, In Rem, THE B. NO.
225, In Rem, THE B. NO. 230, In Rem, THE B. NO. 231,
In Rem, THE B. NO. 233, In Rem, THE B. NO. 235, In
Rem, THE B. NO. 240, In Rem, THE B. NO. 242, In Rem,
THE B. NO. 245, In Rem, THE B. NO. 250, In Rem, THE
B. NO. 252, In Rem, THE B. NO. 260, In Rem, THE B.
NO. 262,  In Rem, THE B. NO. 264, In Rem, THE B. NO.
265, In Rem, THE B. NO. 270, In Rem, THE B. NO. 272,
In Rem, THE B. NO.  280, In Rem, THE B. NO. 282,
In Rem, THE B. NO. 284, In Rem, THE B. NO. 285, In
Rem, and THE B. NO. 295, In Rem,

Defendants.

-----------------------------------------------------------------------------x

ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT  SECURITY AND
PREPAYMENT OF FEES (28 U.S.C. §1916)

Plaintiffs, for themselves and for and on behalf of all persons similarly situated, by their

attorneys Hofmann & Schweitzer, P.C., complain of defendants and allege, upon personal

knowledge and information and belief, as follows:

THE PARTIES

1.      Defendant Bouchard Transportation Co., Inc. ("Bouchard") during the period from

January 1, 2020 through present, was and is authorized to do business in the State of New

York and/or at all relevant times did business in the State of New York. Bouchard is a

2

major tug and barge operating corporation, operating almost over 25 tugboats and 25 petroleum barges, primarily in coast wise commerce.

2.  At all relevant times Defendants' tugboats and vessels listed herein are or were tugboats owned, operated, manned, controlled and maintained by the in personam defendant, Bouchard, herein during the period January 1, 2020 to present; and said vessels are herein as:

| Vessel name | Year Built | Size |
|---|---|---|
| Evening Mist | 1976 | 115' x 32' x 16' |
| Evening Tide | 1970 | 127' x 31' x 15' |
| Bouchard Boys | 1975 | 109' x 31' x 15' |
| Evening Light | 1975 | 109' x 31' x 15' |
| Ellen S. Bouchard | 1982 | 112' x 35' x 17' |
| Evening Star | 2012 | 112' x 35' x 17' |
| Denise A. Bouchard | 2014 | 112' x 35' x 17' |
| Rhea I. Bouchard | 1982 | 112' x 35' x 17' |
| Capt. Fred Bouchard | 1982 | 127' x 37' x 20' |
| Morton S. Bouchard Jr. | 2016 | 130' x 38' x 22' |
| Buster Bouchard | 1979 | 127' x 37' x 20' |
| Marion C. Bouchard | 1979 | 127' x 37' x 20' |
| Barbara E. Bouchard | 1992 | 127' x 37' x 20' |
| Robert J. Bouchard | 1994 | 127' x 37' x 20' |
| J. George Betz | 1995 | 127' x 37' x 20' |

3

| | | |
|---|---|---|
| Brendan J. Bouchard | 1999 | 130' x 38' x 22' |
| Jane A. Bouchard | 2003 | 130' x 38' x 22' |
| Morton S. Bouchard IV | 2004 | 130' x 38' x 22' |
| Linda Lee Bouchard | 2006 | 130' x 38' x 22' |
| Danielle M. Bouchard | 1997 | 150' x 44' x 23.8' |
| Kim M. Bouchard | 2015 | 150' x 50' x 29' |
| Evening Breeze | 2019 | 112' x 35' x 17' |
| Frederick E. Bouchard | 2016 | 130' x 38' x 22' |
| Ralph E. Bouchard | 1987 | 127' x 37' x 20' |
| Bouchard Girls | 1989 | 127' x 37' x 20' |
| Donna J. Bouchard | 2016 | 150' x 50' x 29' |

3. Defendants listed within this allegation at all times relevant are or were petroleum carrying barges operated, manned, controlled and maintained by the in personam defendant, Bouchard, and at all relevant times, and in particular, since January 1, 2020, the owners of the following listed petroleum carrying barges were/are as follows:

| Vessel | Owner | Operator |
|---|---|---|
| B. No. 231 | B. No. 231 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 233 | B. No. 233 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 250 | B. No. 250 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 260 | B. No. 260 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 262 | B. No. 262 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 264 | B. No. 264 Corp. | Bouchard Transportation Co., Inc. |

| B. No. 280 | B. No. 280 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 282 | B. No. 282 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 284 | B. No. 284 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 205 | B. No. 205 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 210 | B. No. 210 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 215 | B. No. 215 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 220 | B. No. 220 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 225 | B. No. 225 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 230 | B. No. 230 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 235 | B. No. 235 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 242 | B. No. 242 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 265 | B. No. 265 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 285 | B. No. 285 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 245 | B. No. 245 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 270 | B. No. 270 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 252 | B. No. 252 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 240 | B. No. 240 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 272 | B. No. 272 Corp. | Bouchard Transportation Co., Inc. |
| B. No. 295 | B. No. 295 Corp. | Bouchard Transportation Co., Inc. |

4.      Some or all of the defendant vessel tugboats listed in Allegation No. 2, above, at present, or during the pendency of this claim, will be within the district in which this action has been commenced.

5.      Some or all of the defendant vessel barges listed in Allegation No. 3, above, at present, or during the pendency of this claim, will be within the district in which this action has been commenced.

6.      Plaintiff, Bryce Babson, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present plaintiff was employed for approximately 16 days as a seaman on the Tug Denise A. Bouchard which was owned by Bouchard Transportation Co., Inc. He unjustifiably was not paid in a timely fashion the total amount of wages earned and due to him. Plaintiff is a resident of the state of Maine.

7.      Plaintiff, Trevor Brandt, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 28 days, as a seaman on the Tug Kim M. Bouchard which was owned by Bouchard Transportation Co., Inc. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the state of South Carolina.

8.      Plaintiff, James Butler, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the

bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 11 days as a seaman on the Tug Danielle M. Bouchard which was owned by Bouchard Transportation Co., Inc. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the state of Texas.

9.     Plaintiff, Jester Castro, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 3 days as a seaman on the B. No. 272 which was owned by B. No 272 Corp. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the state of Florida.

10.    Plaintiff, Roland Hicks, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 32 days as a seaman on the Tug Ellen S. Bouchard which was owned by Bouchard Transportation Co., Inc. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the state of Florida.

11.    Plaintiff, Christopher Kruse, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant,

Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present plaintiff was employed for approximately 14 days as a seaman on the Tug Danielle M. Bouchard which was owned by Bouchard Transportation Co., Inc. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the state of Maine.

12.    Plaintiff, Robert Lalena, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present, plaintiff was employed for approximately 22 days as a seaman on the Tug Donna J. Bouchard which was owned by Bouchard Transportation Co., Inc. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the state of New York.

13.    Plaintiff, Charles Lewis, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present plaintiff was employed for approximately 24 days as a seaman on the B. No. 264 which was owned by B. No 264 Corp. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the state of Louisiana.

14.    Plaintiff, Michael T. Smaldone, was a seafarer employed by Bouchard Transportation Co.

8

Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present plaintiff was employed for approximately 9 days as a seaman on the Tug Frederick E. Bouchard which was owned by Bouchard Transportation Co., Inc. Payment of his wages was unjustifiably denied to him. Plaintiff is a resident of the state of New York.

15.    Plaintiff, Christopher Ressler, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present plaintiff was employed for approximately 18 days as a seaman on the Tug Rhea I. Bouchard which was owned by Bouchard Transportation Co., Inc. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the state of Massachusetts.

16.    Plaintiff, Garrett Stryzs, was a seafarer employed by Bouchard Transportation Co. Inc. aboard one or more of the defendant-vessels, and which the in-personam defendant, Bouchard, described herein, owned, operated, managed and/or controlled or was the bareboat charterer thereof.  More specifically, during the period from January 1, 2020 through present plaintiff was employed for approximately 26 days as a seaman on the Tug Denise A. Bouchard which was owned by Bouchard Transportation Co., Inc. Payment of his wages in a timely fashion was unjustifiably denied to him. Plaintiff is a resident of the

state of Delaware.

17. The plaintiffs and the class they seek to represent are and were at all times relevant herein citizens and/or residents of the United States.

18. Bouchard failed to timely pay any of its employees for work performed in the months of January and February.

19. Out of a sense of loyalty and duty, and presumed responsibility under Coast Guard regulations and in order to keep safe their Coast Guard licences and documents, and to avoid possible disciplinary actions, certain plaintiffs and some of the class members continued to work aboard defendants' fleet of vessels although they did not receive their wages, hoping that the lawsuit will provide them the compensation to which they are entitled. Some have been told that if they leave their vessels unattended or not in compliance with the Coast Guard manning certificate, the workers would be subject to Coast Guard discipline.

20. Other Plaintiffs and class members, recognizing that Bouchard had withheld paying for past services, refused to report to their vessels at the assigned time after their vacation breaks because they feared they would not be paid for the work they preformed.

21. Claim is made herein for the continuing failure to pay the wages the Bouchard seamen are earning going forward after the date of the following of this action.

22. Each of the *in personam* defendants did business in, and derived income, from business and operations conducted in the United States, in general, and in particular, in the State of New York.

23. If any or all defendants allege that they can not be found within the district, then pursuant

to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, plaintiffs and the proposed class seek from the court process by which they may arrest the goods and chattels of the defendants, or credits and effects in the hands of garnishees.

24.    Upon information and belief, during the period from January 1, 2020, through the present, plaintiffs and the class they seek to represent worked at least one day for defendant Bouchard, and for one or more of the vessel owners listed above, and upon one or more of the vessels listed above, during which by agreement they earned daily wages for the work they performed. Despite working the aforesaid days, some plaintiffs and the class they represent unjustifiably were not paid the total amount of their daily wages owed in accordance with their employment agreements. Bouchard's failure to timely pay wages earned was a violation of law and the contracts of employment covering the seamens' work.

25.    In addition to failing to make timely payment of daily wages due to the plaintiffs and the class they seek to represent, defendant Bouchard failed to make contributions to various fringe benefit providers or plans for the benefit of the plaintiffs and the class of seamen they seek to represent.

26.    Claim is also made for those seamen who have worked during the period from January 1, 2020 to present on the Tug Donna J. Bouchard and the Barge No. 272, Inc., and who have not been paid wages for their work already performed and currently being performed.

27.    Upon information and belief, the Tug Donna J. Bouchard and the Barge No. 272 are currently under arrest and under the U.S. Marshall Service's responsibility. However, it is believed by plaintiffs that the several crew who have worked on the two vessels are

entitled to wages owed by Bouchard and the vessels' owners.

28.     Upon information and belief, with respect to the proposed class member-seafarers' that

plaintiffs seek to represent, plaintiffs and said potential class members duly performed

their job duties and defendants have no defense against making the payments to which the

workers are entitled for wages and benefits.

29.     The failures of the defendants to pay wages creates a lien for each plaintiff and class

member against the vessels upon which they sailed and worked.

JURISDICTION

30.     Jurisdiction herein is pursuant to 28 U.S.C. §1333, the Court's Admiralty and Maritime

jurisdiction and under 28 U.S.C. §1331, the Court's federal question jurisdiction. The

Court's federal question jurisdiction is invoked to secure protection of and to redress the

deprivation of rights secured by portions of the Shipping Act, as amended, 46 U.S.C.

§10101, et seq., and 46 U.S.C. §10501 et seq., which provides damages for the

withholding or failure to pay seafarers' wages without sufficient cause, plus under the

federal Fair Standards Labor Act (FLSA) 29 U.S.C. §200 et seq.

31.     Causes of action are stated, furthermore, under the general maritime law, U.S. statutory

law, the common law for breach of contract, fraud, punitive damages and claims are

asserted under the Labor Laws of the State of New York and under the Fair Labor

Standards Act (FLSA), 29 U.S.C. §§ 206 and 216.

32.     Upon information and belief, all voyages which are the subject of this complaint either

commenced and/or terminated in harbors of the United States, and all other employments

on board defendants' vessels occurred in parts of the United States or on the navigable

waters of the United States.

## RIGHT TO A CLASS ACTION

33.    Plaintiffs bring this action on behalf of themselves and all other persons similarly situated

pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure and as a

representative action under FLSA 29 U.S.C. §§ 206 and 216 and under Article 6 of the

New York Labor Law.  The class which plaintiffs seek to represent is composed of those

seamen who worked on the defendants' tugboats and petroleum barges, listed above, and

who worked, or will work, on the various defendant-vessels at some point in time during

the period from January 1, 2020 through the present, and into the future for as long as the

harm claimed herein continues, and who were and will be covered under the terms and

conditions of their employment as agreed between the seafarers and the defendants to be

paid wages for their seamen services. These employees were and will be subject to illegal

wage withholdings, and/or non-payment of wages. Each employee class member worked

in one or more of various job classifications as seamen for which they were to be paid on

a scale set by the corporate employers and agreed to by the seafarers, but said wage

payments were unjustifiably delayed, and continued for unjustifiable periods to be unpaid

for work performed.

34.    The class will consist of about 200 employees employed aboard the vessels in issue, and

who all were employed by defendant Bouchard, and one or more of the listed vessel

owners, or one or more of the vessels listed in allegations number 2 and 3, above.

35.    Accordingly, the class is so numerous that joinder of all members is impracticable.

36.    Additionally, joinder of all class members would create extreme hardship and

inconvenience for the affected seafarers.  Among other considerations, is the fact that there is a significant geographical diversity among the potential class members who are/were seafarers working for defendants. These men are known to reside in at least 15 states, primarily on the East Coast from Maine to Florida, and west in the Gulf of Mexico into Texas and many states in between. Addresses of all class members are within the knowledge of defendants.

37.     Potential class members may be unable to file separately due to financial indigence or lack of knowledge that a cause of action exists.

38.     Additionally, a class action is a superior method of seeking relief because certain members of the class fear retaliation from defendants, or other companies in the industry, with respect to their present and future employment.

39.     The questions of law, among others, common to the class include the following: did defendants breach their employment contracts with the seafarers in the class; was there a failure of defendants to pay full wages due their seamen employees without sufficient cause, did defendants deduct or withhold wages from plaintiffs and the class members' earnings; if so, did such deductions or withholdings violate U.S. law, in particular, 46 U.S.C. § 10501 et seq.; and if so, are plaintiffs and the class members entitled to the payment of these wages and to punitive or exemplary damages; did the defendants' actions constitute fraud; if so, were the seafarers harmed thereby; did the defendants' actions violate the common law, the general maritime law or U.S. or New York statutory laws? Have defendants failed to make payments of fringe benefits based on the work preformed by the plaintiffs seafarers?

14

40.    The questions of fact, among others, common to the class include the following: did defendants fail to timely pay their seafarers wages from January 1, 2020 to present; what was the employment status of the members vis a vis defendants; what were the parameters of the plan instituted by defendants by which full wages were not paid by defendants; if the wages were not fully paid pursuant to relevant contracts and agreements, what was the reason therefore; what was done with the withheld wages; was the failure to pay the amounts due done without sufficient cause?

41.    On information and belief, plaintiffs' claims are typical of the claims and defenses of the class identified above, and on whose behalf plaintiffs sue. Plaintiffs suffered the same injury in fact as was suffered and is being suffered by the class members.  Plaintiffs' claims arise from the same events and practices that gives rise to the claims of the other class members and are based on the same legal theories.  Plaintiffs maintained the same status as the other class members.

42.    Plaintiffs will fairly and adequately protect the interests of the class.  Plaintiffs share standing with the rest of the class.  Plaintiffs and the class identified above are suing to recover earned wages that were unjustifiably withheld from them without sufficient cause.  Plaintiffs are real parties in interest and have a stake in the outcome of the litigation, because plaintiffs, like the other members of the above-defined class, were and/or continue to be employed upon vessels owned or operated by defendants, or were employed at some point during the period January 1, 2020 through the present, during which time defendants illegally withheld or failed to pay, and possibly continue to withhold or fail to pay wages owed since January 1, 2020 to present. Consequently, in

pursuit of plaintiffs' own self-interest, plaintiffs will vigorously litigate against defendants and thereby advance the interests of the absent class members.

43.    At present, upon information and belief, plaintiffs have no direct conflict with any class members. The prosecution of separate actions by individual class members identified above would create a risk of inconsistent or varying adjudications respecting individual class members and establish incompatible standards of conduct for defendants or adjudications respecting individual class members disposing of the interests of the class members not parties to the adjudications or substantially impairing the interests of members of the class not parties to the adjudication or substantially impeding the ability of class members not parties to the adjudication to protect their interests.

44.    The questions of law or fact common to the class members predominate over any questions affecting only individual members.  The defendants' plan and practice of not paying full wages due class members, without sufficient cause, was a transaction common among the defendants and the class members.  The class members also have a common status as they were all classified by defendants to be seamen/seafarers aboard defendants' vessels at some time between January 1, 2020 and the present, and continuing into the future, for as long as the harm complained of continues.

45.    Plaintiffs believe that the class action is superior to other available methods for fair and efficient adjudication of the controversy herein.

46.    Plaintiffs estimate that the class which they seek to represent consists of approximately 200 seafarers.

47.    Plaintiffs estimate that the average amount of money per seafarer that was earned but

illegally withheld from each of the potential seafarer class members was between approximately $5,000 and $20,000 each.

48.     The amount that was unjustifiably not paid in a timely fashion and due plaintiffs and the class as of the date of the filing of the complaint is estimated to be approximately $3 million.

49.     Compounded interest on said sum is due plaintiffs.

50.     As a result of the filing of the lawsuit entitled Bailey, et al. V. Bouchard Transportation Co., et al. 1:20-CV-01207-MKV (SDNY) some wage payments for past due wages were made two days before the filing of this complaint.

51.     Bouchard's agreement with each seamen in its fleet is to pay payroll on the 22nd of the month for the preceding two weeks of work and on the 7th of the next month for the balance of the days worked by the seaman in the prior month. These payments for work performed in January and February 2020 were not timely paid.

FIRST CAUSE OF ACTION: BREACH OF CONTRACT - JANUARY 1, 2020 TO PRESENT

52.     Plaintiffs repeat and reallege each and every allegation set forth in the previous paragraphs of this Complaint with the same force and effect as if fully set forth herein.

53.     Between January 1, 2020 and the present time, plaintiffs, and the class they seek to represent, were employed at various times aboard various of defendants' vessels, as members of the crews thereof and fully performed their duties as crew members and accrued earned wages payable pursuant to contracts of employment, plus were entitled to payments to various fringe benefit plans.

54.     Plaintiffs, and the class they seek to represent, at all relevant times herein were

beneficiaries of said contracts.

55.     Upon information and belief, the defendants and in particular Bouchard, in breach of said

contracts, the common law, U.S. statutory law, New York statuary law, and the general

maritime law, and notwithstanding their obligations to plaintiffs thereunder, failed to

make timely payment of the full wages due to said plaintiffs and the class they seek to

represent.

56.     Plaintiffs, on their own behalf and on behalf of the class they seek to represent, demand

damages on this cause of action in excess of Three Million Dollars ($3,000,000) and

increasing.

SECOND CAUSE OF ACTION: WAGES DUE PURSUANT TO 46 U.S.C. §10501, ET SEQ.
FROM JANUARY 1, 2020 TO PRESENT

57.     Plaintiffs repeat and reallege each and every allegation set forth in the previous

paragraphs of this Complaint with the same force and effect as if fully set forth herein.

58.     Between January 1, 2020 and the present, plaintiffs, and the class they seek to represent,

worked aboard various of the defendants' vessels and fully performed their duties

thereon.  In so doing, they accrued earned wages and benefits pursuant to contracts, the

common law, U.S. statutory law, New York statutory law and the general maritime law.

59.     The defendant failed, refused and neglected to make timely payment of the full wages and

benefits due to said plaintiffs, and the class they seek to represent. The failure to pay the

wages and benefits due is a violation of 46 U.S.C. § 10504, the common law and the

other laws described herein.

60.     Plaintiffs, on their own behalf and on behalf of the class they seek to represent, demand

damages on this cause of action in excess of Three Million Dollars ($3,000,000) and

18

increasing.

THIRD CAUSE OF ACTION: WAGES AND PENALTY WAGES UNDER 46 U.S.C. § 10504
FOR UNPAID WAGES FROM JANUARY 1, 2020 TO PRESENT

61.    Plaintiffs repeat and reallege each and every allegation set forth in the previous

paragraphs of this Complaint with the same force and effect as if fully set forth herein.

62.    By reason of the refusal and neglect to pay the seafarers' their full earned wages and

benefits when same became due and owing, and said non-payment being done without

sufficient cause, pursuant to 46 U.S.C. §10504(c) some plaintiffs and class members are

entitled to penalty wages of two days pay for each and every day during which payment of

their duly earned wages were delayed without sufficient cause.

63.    The failure to pay the earned wages and benefits is an ongoing and daily violation of the

rights of plaintiffs and the class they seek to represent.

64.    Plaintiffs, on their own behalf and on behalf of the class they seek to represent, demand

damages on this cause of action in excess of Three Million Dollars ($3,000,000) and

increasing.

FOURTH CAUSE OF ACTION: WAGES AND PENALTY WAGES UNDER NEW YORK
LABOR LAW ARTICLE 6 FOR  UNPAID WAGES FROM JANUARY 1, 2020 TO PRESENT

65.    Plaintiffs repeat and reallege each and every allegation set forth in the previous

paragraphs of this Complaint with the same force and effect as if fully set forth herein.

66.    By reason of the refusal and neglect to pay the seafarers' their full earned wages and

benefits when same became due and owing, and said non-payment being done without

sufficient cause, pursuant to Article 6 of the New York Labor Law, and in particular

Labor Law § 663, plaintiffs are entitled to penalty wages of twice the amount payable due

19

to the wilful and egregious failure to pay the wage due the plaintiffs and the class.

67. The failure to pay the earned wages in a timely manner is and was a violation of the rights of plaintiffs and the class they seek to represent.

68. Plaintiffs, on their own behalf and on behalf of the class they seek to represent, demand damages on this cause of action in excess of Six Million Dollars ($6,000,000) and increasing.

FIFTH CAUSE OF ACTION: CLAIMS UNDER 29 U.S.C. §201 ET SEQ.

69. Plaintiffs repeat and reallege each and every allegation set forth in the previous paragraphs of this Complaint with the same force and effect as if fully set forth herein.

70. Plaintiffs and the class they seek to represent are entitled to the protections of the Fair Labor Standards Act (FLSA) and in particular 29 U.S.C. §§ 206 and 216.

71. By reason of Bouchard's failure to timely pay the wages the seamen serving on its fleets vessels earned, defendants violated FLSA, in particular 29 U.S.C. §§ 206 and 216.

72. Plaintiffs and the class they seek to represent this are entitled to judgement in their favor under these statutes to the wages they earned but are unpaid; to penalties of an equivalent amount of the wages unpaid, for attorney fees and costs, and claim therefore is made.

73. Plaintiffs and the class they seek to represent, accordingly, demand judgement on these causes of action in excess of Six Million Dollars ($6,000,000) and increasing.

SIXTH CAUSE OF ACTION: SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF

74. Plaintiffs repeat and reallege each and every allegation set forth in the previous paragraphs as if fully restated herein.

75. Upon information and belief, the violations described herein, including the breaches of

20

contract, fraud, violation of the U.S. Seaman's Wage Act, the common law, New York law, the Fair Labor Standards Act and the general maritime law are ongoing, willful, without sufficient cause and occurring on a continuous basis.

76. Plaintiffs and the class they seek to represent are entitled to, and respectfully demand, that the court order specific performance of the contracts and agreements to which they are parties with the defendants.

77. Plaintiffs seek such other injunctive relief as the court deems warranted to enforce the rights of the plaintiffs and the class they seek to represent and to prohibit and prevent defendants from continuing their violations of the plaintiffs' rights and those of the class they seek to represent.

SEVENTH CAUSE OF ACTION: FRAUD

78. Plaintiffs repeat and reallege each and every allegation set forth in the previous paragraphs as if fully restated herein.

79. Defendants, and in particular Bouchard, enticed its seamen employees to work on defendants' vessels after January 1, 2020 with false premises that they would be timely paid for their labor on those vessels. Bouchard knew said promise to pay the seamen their wages was false. Plaintiffs detrimentally relied on the promise that they would be paid for their work and thus they preformed seaman's work on defendants' vessels.

80. Due to their reliance of the false promises, which constitutes fraud, plaintiffs and the class has been harmed.

81. Plaintiffs on their own behalf and for the class they seek to represent claim compensatory damages of at least Three Million Dollars ($3,000,000) and increasing and such other

damages as are awarded by the times of fact.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs, on behalf of themselves and all other persons similarly situated, pray this court to:

1.     Order that the class herein described be certified as a proper class for purposes of this action;

2.     Order that plaintiffs be recognized as proper class representatives in this action;

3.     Order defendants to make whole those persons adversely affected by the policies and practices described herein by providing back pay for wages withheld from plaintiffs and the class members;

4.     Grant to certain plaintiffs and the class members judgment against defendants in the amount of two days' wages for each day payment of their full earned wages was wrongfully delayed or withheld, pursuant to 46 U.S.C. § 10504;

5.     Grant to plaintiffs and the class members prejudgment interest on the wages that defendants wrongfully and illegally withheld;

6.     Grant plaintiffs and the class members compensatory damages for breach of contract;

7.     Issue process by which in rem jurisdiction can be obtained over each of the defendants vessels, as follows:

**<u>Tugs</u>**

Evening Mist, In Rem,

Evening Tide, In Rem,

Bouchard Boys, In Rem,

Evening Light, In Rem,

Ellen S. Bouchard, In Rem,

Evening Star, In Rem,

Denise A. Bouchard, In Rem,

Rhea I. Bouchard, In Rem,

Capt. Fred Bouchard, In Rem,

Morton S. Bouchard Jr., In Rem,

Buster Bouchard, In Rem,

Marion C. Bouchard, In Rem,

Barbara E. Bouchard, In Rem,

Robert J. Bouchard, In Rem,

J. George Betz, In Rem,

Brendan J. Bouchard, In Rem,

Jane A. Bouchard, In Rem,

Morton S. Bouchard IV, In Rem,

Linda Lee Bouchard, In Rem,

Danielle M. Bouchard, In Rem,

Kim M. Bouchard, In Rem,

Evening Breeze, In Rem,

Frederick E. Bouchard, In Rem,

Ralph E. Bouchard, In Rem,

Donna J. Bouchard, In Rem,

Bouchard Girls, In Rem,

**<u>Barges</u>**

B. No. 231, In Rem,

B. No. 233, In Rem,

B. No. 250, In Rem,

B. No. 260, In Rem,

B. No. 262, In Rem,

B. No. 264, In Rem,

B. No. 280, In Rem,

B. No. 282, In Rem,

B. No. 284, In Rem,

B. No. 205, In Rem,

B. No. 210, In Rem,

B. No. 215, In Rem,

B. No. 220, In Rem,

B. No. 225, In Rem,

B. No. 230, In Rem,

B. No. 235, In Rem,

B. No. 242, In Rem,

B. No. 265, In Rem,

B. No. 285, In Rem,

B. No. 245, In Rem,

B. No. 270, In Rem,

B. No. 252, In Rem,

B. No. 240, In Rem,

B. No. 272, In Rem,

B. No. 295, In Rem,

Including warrants of arrest to be issued to the United States Marshal;

8.      Issue ancillary process by which in rem or quasi in rem jurisdiction can be obtained over the assets of the defendants in this district, and over the vessels in other district courts of the United States;

9.      Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with the applicable law;

10.      Order defendants to specifically perform their agreements with plaintiffs and the class they seek to represent, to enjoin the defendants from further violations of the rights of plaintiffs and the class and to order such other relief as warranted to prevent defendants from continuing to violate the rights of the plaintiffs and the class as requested in the Sixth cause of action;

11.      Grant plaintiffs and the class they represent judgement on each of the aforesaid causes of action;

12.      Grant plaintiffs and the class they represent their attorney's fees, costs, and disbursements;

13.      Grant plaintiffs and the class they represent wages and penalty wages under New

York Labor Law Article 6 for the wilful and egregious failure to pay the plaintiffs and the class

the wages earned;

14.     Grant plaintiffs and the class they represent wages and penalty wages on their

cause of action for violation of 29 U.S.C. §§ 206 and 216.

15.     Enter judgment in favor of plaintiffs and the class whom they represent in the

amount of at least $3,000,000 and increasing on the First, Second, Third and Seventh causes of

action stated herein and at least $6,000,000 on the Fourth and Fifth causes of action;

16.     Enter judgement on the causes of action alleging damages for fraud;

17.     Issue such process as to allow plaintiffs and the proposed class, pursuant to Rule

B of the Supplemental Rules for Certain Admiralty and Maritime Claims, to arrest the goods and

chattels of the defendants, or credits and effects thereof in the hands of garnishees;

18.     Grant such additional relief as the court deems proper and just and just under the

circumstances.

Dated: New York, New York          HOFMANN & SCHWEITZER
          March 16, 2020

                                   By: /s/ Paul T. Hofmann
                                        Paul T. Hofmann, Esq. (PH 1356)
                                        Attorneys for Plaintiffs
                                        212 W. 35th Street, 12th Floor
                                        New York, N.Y. 10001
                                        (212) 465-8840 Fax: 212-465-8849
                                        paulhofmann@hofmannlawfirm.com