USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYCE BABSON, TREVOR BRANDT, JAMES BUTLER, JESTER CASTRO, ROLAND HICKS, CHRISTOPHER KRUSE, ROBERT LALENA, CHARLES LEWIS, MICHAEL T. SMALDONE, and GARRET STRYZS, *On Behalf of Themselves and All Others Similarity Situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> BOUCHARD TRANSPORTATION CO, INC., B. NO. 205 CORP., B. NO. 210 CORP., B. NO. 215 CORP., et al., <br><br> Defendants. | 1:20-cv-02370-MKV <br><br> **ORDER DENYING APPROVAL OF SETTLEMENT AGREEMENT** |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs brought this action against their former employers, who employed Plaintiffs on their various tugboats and oil barges, asserting claims under the federal Fair Labor Standards Act ("FLSA") and New York Labor Law and common law. [*See* ECF No. 24]. A related FLSA case brought by former employees against the same defendant was before Magistrate Judge Aaron. *See Bailey v. Bouchard Transportation, Co., Inc.,* Case No. 20-cv-01207 (SDA) (the "*Bailey* Case"). On September 28, 2020, Bouchard Transportation Co., Inc. and certain of its affiliates, filed voluntary petitions for relief under chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). Accordingly, pursuant to section 362(a) of the Bankruptcy Code, this case was stayed. [ECF No 63]. Since the stay in this case, the Bankruptcy Court has approved a settlement between the Plaintiffs in this case and the Plan administrator for the Defendant.

Plaintiffs now have submitted a motion requesting the Court's approval of that settlement agreement, dismissing all of Plaintiff's claims with prejudice. [ECF Nos. 96 (the "Motion")]. The errors and discrepancies in the Plaintiffs' submission render the Court unable to evaluate whether the proposed settlement agreement is reasonable as required under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). As such, the Court declines to approve the settlement in its current form. Plaintiffs' motion is therefore DENIED without prejudice to renewal.

## **LEGAL STANDARD**

In the Second Circuit, parties cannot privately settle FLSA claims with prejudice absent approval by either the district court or the Department of Labor. *See Cheeks*, 796 F.3d at 200. "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No. 07 CIV. 11098 RJS, 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (internal quotation marks omitted) (alterations adopted). In so doing, the Court considers the following factors:

> (1) [T]he plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. American Cancer Soc.*, No. 10-CV-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

For the Court to evaluate a proposed FLSA settlement agreement for fairness, the parties "must provide enough information for the court to examine the bona fides of the dispute." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (citation omitted). This requires information on "the nature of plaintiff's claims, . . . the litigation

and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Flores-Mendieta v. Biteford Ltd.*, No. 15-CV-4997(AJN), 2016 WL 1626630, at *1 (S.D.N.Y. Apr. 21, 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*

## DISCUSSION

In support of their motion to approve the Settlement Agreement, Plaintiffs have submitted an Affirmation of Paul T. Hoffman, Counsel for Plaintiffs, and a Supplemental Memorandum of Law detailing why they believe their agreement should be approved as fair and reasonable. [ECF Nos. 96-1 (the "Affirmation" or "Aff."), 96-5 ("Memo")].[1] The submission for approval of settlement includes information about the settlements reached both in this case and the *Bailey* Case. In fact, the Affirmation states that "Counsel is filing essentially the same motion in both actions" but asking for "separate orders related to the specific plaintiffs who brought the respective cases." Aff. ¶ 33. The Court is unable to review the settlement agreement for reasonableness because of the several errors and inconsistencies in this combined submission.[2]

---

[1] Plaintiffs also filed the *Bailey* Complaint [ECF No. 96-2], the *Babson* Complaint [ECF No. 96-3], the Bankruptcy Court Stipulation & Agreed Order [ECF No. 96-4 ("Settlement Agreement")], the Bankruptcy Court Opinion regarding the *Bailey* Case [ECF No. 96-5], the Bankruptcy Court Opinion regarding *Bailey* Plaintiff, Mr. Peaslee [ECF No. 96-6], a Fee Petition filed in the Bankruptcy Court [ECF No. 96-7 ("Fee Petition")], and a Proposed Order [ECF No. 96-8 ("Proposed Order")].

[2] In a recent letter, Plaintiffs advised the Court that Magistrate Judge Aaron had approved the settlement in the *Bailey* Case. [ECF No. 99]. Plaintiffs also suggested that this Court should rely on *Li Rong Gao v Perfect Team Corp.*, 249 F Supp 3d 636, 640 (E.D.N.Y. 2017), a case cited by Magistrate Judge Aaron in his approval of the *Bailey* Case settlement, that holds that "Wolinsky factors and a separate *Cheeks* analysis by this Court is

3

First, it is not clear how much Plaintiffs *in this case* will receive in the settlement. The Affirmation asserts that the total damages awarded to the ten plaintiffs will be $103,011. Aff. ¶ 57. However, the Settlement Agreement shows that the amount to be paid to the purported "Babson Class"[3] "in full and final satisfaction" of the FLSA claims against Defendants is $52,437. Settlement Agreement ¶ 1. Counsel affirms that the Settlement Agreement contains an error—namely, that the Settlement Agreement improperly assigns to the Babson claimants, the Plaintiffs in this case, amounts that are due to the *Bailey* claimants, and vice versa. Compounding the problem, the amount improperly assigned to the *Bailey* claimants is $134,174, but the Affirmation asserts that the $103,011 will be paid to Plaintiffs in this case. Settlement Agreement ¶ 1; Aff. ¶ 57. The Affirmation further states that its legal fee is "incorporated in the amounts being paid in the $216,706 settlement," the total amount purportedly to be paid to all parties in both cases. Aff. ¶ 59. This incorporation may account for the difference between the amount due to the plaintiffs in the Affirmation and the amount improperly assigned to *Bailey* claimants in the Settlement Agreement, but the parties must make the settlement amount clear to the Court.

Plaintiffs' counsel assures the Court that the error in the Settlement Agreement is "irrelevant" to the Court's decision because the Affirmation adequately describes the payments to be made to each individual plaintiff in this case. Aff. ¶ 62. Unfortunately, inconsistencies and errors abound here too. For example, in the Affirmation, Plaintiffs' counsel reports that the

---

unnecessary" where settlement has already been approved in bankruptcy court. The Court declines to do so. First, as explained above, the Court has a duty to scrutinize settlements in FLSA cases for reasonableness. Second, an opinion filed in the Eastern District of New York is merely persuasive authority here and the Court has not found any other case in the Second Circuit that declines to conduct a *Cheeks* review because a bankruptcy court has approved of a settlement. Moreover, though Magistrate Judge Aaron cited to this case, he nevertheless conducted a *Cheeks* analysis in the *Bailey* Case. *See* Opinion and Order at 2-3, *Bailey v. Bouchard Transportation, Co., Inc.*, Case No. 20-cv-01207 (SDA) [ECF No. 139].

[3] Plaintiffs are referred to as the "Babson Class" in the Settlement Agreement. However, the Court neither certified a class nor granted a conditional collective in this case.

Defendants will pay Plaintiff James Butler $19,160; however, the Proposed Order before the court indicates that the Defendant will pay James Butler just $3,300. *Compare* Aff. ¶ 49 *with* Proposed Order ¶ 1(c). Similar inconsistencies appear in the amounts to be paid to several other plaintiffs in this case. *Compare* Aff. ¶¶ 49-56 *with* Proposed Order ¶ 1. While Plaintiffs assert that the settlement at issue affords each of them 100% of what he is entitled under FLSA if they were to prevail at trial, *see* Memo at 3, the Court cannot determine whether a settlement is reasonable when it cannot determine the amount Plaintiffs have agreed to receive.

Second, the amount Plaintiffs' attorneys will receive pursuant to the settlement relevant to *this case* is unclear. The Affirmation asserts that Plaintiffs' counsel will be paid $50,494 for its work representing plaintiffs in both this case and the *Bailey* Case, without specifying the amount due to Counsel for work done on behalf of the Plaintiffs in this case. Aff. ¶ 60. And, here too, there are inconsistencies in the Record provided in support of the settlement. It is not clear whether attorneys' fees were contemplated at all in the Settlement Agreement approved by the Bankruptcy Court. While the Affirmation states that $50,000 of attorneys' fees are "incorporated in the amounts being paid in the $216,706 settlement," the Settlement Agreement indicates that "[e]ach Party shall bear its own costs and attorneys' fees and other expenses incurred related to this Stipulation and Agreed Order." Aff. ¶ 59, Settlement Agreement ¶ 4.

Third, the exhibits supporting Counsel's claims regarding attorneys' fees are insufficient for the Court to determine reasonableness. Counsel affirms that the plaintiffs agreed to pay a 30% contingency fee but will accept a significantly lower fee. Aff. ¶ 35 n.4. However, no retainer agreement is appended as an exhibit to the Motion. Moreover, there is no accounting of attorneys' fees with respect to Plaintiffs in this case. Instead, Plaintiffs attach only a Fee Petition filed in the

Bankruptcy Court, which includes a breakdown of fees for Counsel's work both for the Plaintiffs in this case and in the *Bailey* Case. [ECF No. 96-7].

Finally, the submission improperly requests that the Court approve the "separate entitlement of Justin Peaslee." However, Mr. Peaslee is not a plaintiff in this case. Aff. ¶ 33, 65. The amount that parties determined would be paid to Mr. Peaslee pursuant to the Settlement Agreement is included in Plaintiffs' Proposed Order for this Court. Proposed Order ¶ 1(k). Because Mr. Peaslee is not a party to this case, and as such, this Court cannot approve any settlement amount to be provided to him.

## **CONCLUSION**

For the foregoing reasons, the Court cannot approve the parties' settlement based on the Record before the Court. Therefore, the motion is DENIED without prejudice to renewal. IT IS HEREBY ORDERED that the parties shall submit, on or before March 19, 2025, either (1) a renewed motion for settlement approval attaching a revised settlement agreement curing the deficiency discussed above, together with proper evidentiary support or (2) a joint letter advising the Court whether the parties intend to abandon their settlement and continue pursuing this litigation.

**SO ORDERED.**

Date:  February 20, 2025
        New York, NY

_____
MARY KAY VYSKOCIL
United States District Judge