USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/11/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRYCE BABSON, TREVOR BRANDT, JAMES BUTLER, JESTER CASTRO, ROLAND HICKS, CHRISTOPHER KRUSE, ROBERT LALENA, CHARLES LEWIS, MICHAEL T. SMALDONE, and GARRET STRYZS, *On Behalf of Themselves and All Others Similarity Situated*,

Plaintiffs,

-against-

BOUCHARD TRANSPORTATION CO, INC., B. NO. 205 CORP., B. NO. 210 CORP., B. NO. 215 CORP., et al.,

Defendants.

1:20-cv-02370-MKV

**ORDER GRANTING MOTION
FOR SETTLEMENT APPROVAL**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs brought this action against their former employers, who employed Plaintiffs on whose various tugboats and oil barges Plaintiffs were employed, asserting claims under the federal Fair Labor Standards Act ("FLSA") and New York Labor Law and common law. [*See* ECF No. 24].[1] On September 28, 2020, Bouchard Transportation Co., Inc. and certain of its affiliates, filed voluntary petitions for relief under chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). Accordingly, pursuant to Section 362(a) of the Bankruptcy Code, this case was stayed. [ECF No 63]. In the interim, the Bankruptcy Court has approved a settlement between the Plaintiffs in this case and the Plan administrator for the Defendant.

---

[1] A related FLSA case brought by former employees against the same defendants was pending before Magistrate Judge Aaron. *See Bailey v. Bouchard Transportation, Co., Inc.,* Case No. 20-cv-01207 (SDA) (the "*Bailey* Case").

1

Before the Court is the parties' second motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). [ECF No. 104 ("Motion")]. For the reasons set forth below, the motion is GRANTED.

## **LEGAL STANDARD**

It is well settled law that the settlement of FLSA claims requires approval by either the Court or the Department of Labor. *See Cheeks*, 796 F.3d at 206. "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No. 07-CV-11098, 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (internal quotation marks omitted) (alterations adopted). In conducting this fairness analysis, the Court considers the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. American Cancer Soc.*, No. 10-CV-3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

Where attorneys' fees and costs are sought as part of the settlement, the district courts must also evaluate the reasonableness of the fees and costs. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, the attorney must submit documentation to support the request. *Id.*

**DISCUSSION**

The Court previously denied without prejudice Plaintiffs initial motion for settlement approval because the motion included several errors and discrepancies that rendered the Court unable to meaningfully review the proposed settlement. [ECF Nos. 96, 103("Order Denying Approval")].

Thereafter, the parties filed the pending Motion which includes additional information and documentation to support the proposed settlement, including the attorneys' fees sought. The Motion is supported by Supplemental Affirmation of Paul T. Hoffman, Counsel for Plaintiffs, [ECF No. 104-1 (the "Affirmation" or "Aff.")], a copy of the parties' amended stipulation and order of settlement proposed settlement agreement, [ECF No. 104–6 ("Amended Settlement Agreement")], and a copy of the retainer agreement between Plaintiffs and their counsel. [ECF No. 104–10 ("Retainer Agreement")].[2] The several discrepancies and errors noted by the Court in its order denying Plaintiffs' earlier initial motion to approve settlement are resolved by the clearly written Amended Settlement Agreement and the Plaintiffs' thorough affirmation. *See* Order Denying Approval; Affirmation ¶¶ 9, 33–35, 38–50, 56; Proposed Order; Retainer Agreement; DOL Statement on Claimants Wages. Accordingly, the Court is able to clearly assess that the Amended Settlement Agreement requires Defendants to pay $134,034.53 to Plaintiffs which is made up of $103,211 in compensatory damages and $30,822.53 in attorney fees and costs. *See* Amended Settlement Agreement ¶ 1.

---

[2] Plaintiffs also filed the *Bailey* Complaint [ECF No. 104-2], the *Babson* Complaint [ECF No. 104-3], Magistrate Judge Aaron's Order approving the *Bailey* settlement [ECF No. 104-4], the original Bankruptcy Court settlement agreement [ECF No. 104-5], a Bankruptcy Opinion regarding the *Bailey* and *Babson* Cases [ECF No. 104-7], the Bankruptcy Court Opinion regarding *Bailey* Plaintiff, Mr. Peaslee [ECF No. 104-8], this Court's Order denying Plaintiffs initial motion to approve settlement [ECF No. 104-9], a Fee Petition filed in the Bankruptcy Court [ECF No. 104-11 ("Fee Petition")], a Department of Labor ("DOL") Statement on Claimants Wages [ECF No. 104-12], an expense ledger report [ECF No. 104-13], a copy of Justin Peaslee's Paystubs [ECF No. 104-14], and a Proposed Order [ECF No. 104-15] ("Proposed Order")].

Having scrutinized the Amended Settlement Agreement, the Court concludes that it is fair and reasonable. Under the Amended Settlement Agreement, Plaintiffs will receive settlement sums that are equivalent to the amounts listed as owed to them in the Labor Department Summary of Unpaid Wages prepared by Bouchard in conjunction with the DOL.  *See* DOL Statement on Claimants Wages.  While there is a possibility that Plaintiffs could receive a small amount more in damages if the case were to proceed to trial, there are also serious litigation risks, and as Plaintiffs' counsel notes, Plaintiffs' wages were eventually paid, albeit delayed, so their ability to receive more in damages appears slim.  *See* Aff. ¶¶ 4, 34.  Moreover, Plaintiffs' counsel affirms that the settlement was the result of arm's-length bargaining and the settlement has also been approved by the Bankruptcy Court presiding over Defendant-Debtors' case.  *See* Aff. ¶¶ 8, 26.

The Court has also carefully assessed the reasonableness of the proposed attorneys' fees. *See Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). The proposed attorneys' fees represent less than one-third of the total settlement amount for the *Babson* Plaintiffs and less than the agreed contingency fee stipulated to on the Retainer Agreement between Plaintiffs and Counsel. *See* Aff. ¶¶ 33, 56; Retainer Agreement.  Courts in this circuit commonly approve of a one-third contingency fee. *See Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases). The attorneys' fee appears particularly reasonable here because Plaintiffs' counsel agreed to accept payment below his agreed contingency fee to ensure that Defendants would agree to label Plaintiffs as secured, rather than unsecured, creditors in the Bankruptcy.  Aff. ¶¶ 31, 34, 52.

Accordingly, for the reasons set forth above and explained in the Plaintiffs' submissions [ECF No. 104], the Court approves the proposed settlement, and the requested attorneys' fees and costs.  The motion for settlement approval is GRANTED and Plaintiffs' claims are dismissed with

4

prejudice. The Clerk of Court is respectfully requested to terminate docket entries 104 and 106 and to close this case.

**SO ORDERED.**

Date: **August 11, 2025**
      **New York, NY**

                                    **MARY KAY VYSKOCIL**
                                    **United States District Judge**